**UNITED STATES of America**

v.

**Wilbur U. WARD.**

**Crim. No. 511–58.**

United States District Court
District of Columbia.

Feb. 24, 1960.

Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for U. S.

Robert S. Green, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This cause came on for hearing on defendant's motion for a new trial on the grounds of newly discovered evidence. Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.

On January 12, 1959, after waiving trial by jury, the defendant was convicted by the Court of violations of the federal narcotics laws.[1] Simply stated, the evidence showed that the defendant was arrested in his house upon the execution of a search warrant by officers of the Metropolitan Police Department. Narcotics were found in his possession. Prior to trial, the defendant moved to suppress this evidence, urging deficiencies in the manner of execution of the warrant. Judge Holtzoff held a hearing on the motion and then denied it; when it was renewed at trial, I also decided that the search and seizure had been lawful.

The search warrant issued upon an affidavit of two police officers which, in turn, was based primarily upon communications from that ubiquitous "confidential reliable informant". As it turns out, the informant here is one Lawrence A. Cowan, convicted on June 26, 1959 for violation of the federal narcotics laws.[2]

The defendant has filed an affidavit of Cowan's in which Cowan denies being of any assistance to the police in the apprehension of Ward. It is this affidavit upon which the defendant places his principal reliance for his claim to a new trial.

Even if Cowan's affidavit were believed, the Court doubts that it would suffice for the grant of a new trial since Cowan was identified at the trial as the informant, yet no effort appears to have been made to produce him as a witness. "We think it fundamental that a defendant seeking a new trial * * * must satisfy the district court that the material asserted to be newly discovered is in fact such and could not with due

diligence have been discovered before or, at the latest, at the trial." United States v. Costello, 2 Cir., 1958, 255 F.2d 876, 879. Moreover, the Court does not believe Cowan's affidavit. There appears in Criminal File No. 312–59, a motion filed by Cowan under 28 U.S.C. § 2255 in which he admits that he deliberately lied at his trial. In the face of this, the Court is constrained to disbelieve Cowan now and, instead, to believe the affidavit of the police officers upon which the warrant issued.

The other points raised in the able presentation of court-appointed counsel for defendant have been considered and found insufficient to grant a new trial.

The motion is denied.

---

1. 26 U.S.C. § 4704(a) and 21 U.S.C. § 174.

2. 26 U.S.C. § 4704(a). See Criminal File No. 312–59.